UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

**Case No.**  CV 20-1328-MWF (KS)                **Date:**  April 17, 2020
Title:      Noel J. Mijares v. Ryder Truck Rental, Inc., et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                          Court Reporter:
Rita Sanchez                           Not Reported

Attorneys Present for Plaintiff:       Attorneys Present for Defendant:
None Present                           None Present

**Proceedings (In Chambers):**        ORDER RE: PLAINTIFF'S MOTION TO
                                       REMAND [13]; DEFENDANT'S MOTION TO
                                       DISMISS SECOND AMENDED COMPLAINT
                                       [14]

Before the Court are two motions:

First, there is Defendant Ryder's Motion to Dismiss Second Amended Complaint (the "Motion to Dismiss"), filed on March 16, 2020.  (Docket No. 14).  On March 23, 2020, Mijares filed an Opposition.  (Docket No. 16).  On March 30, 2020, Ryder filed a Reply.  (Docket No. 18).

Second, there is Plaintiff Noel J. Mijares' Motion to Remand Case to Los Angeles Superior Court ("Motion to Remand"), filed on March 16, 2020.  (Docket No. 13).  On March 20, 2020, Defendant Ryder Truck Rental, Inc. ("Ryder") filed an Opposition.  (Docket No. 15).  On March 30, 2020, Mijares filed a Reply.  (Docket No. 17).

The motions were noticed to be heard on April 13, 2020.  The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  The hearing was therefore **VACATED** and removed from the Court's calendar.  Vacating the hearing is further required by the Continuity of Operations Plan (COOP) arising from the COVID-19 emergency.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.** **CV 20-1328-MWF (KS)**                **Date:** **April 17, 2020**
Title:        Noel J. Mijares v. Ryder Truck Rental, Inc., et al.

For the reasons discussed below, the Motion to Dismiss, which the Court construes as a Motion to Strike the SAC, is **DENIED**.  Although Mijares filed the SAC without first seeking leave from the Court, the Court determines that it would have granted Mijares leave to file the SAC.  Because complete diversity does not exist in the SAC, the Motion to Remand is **GRANTED**.

I.      **BACKGROUND**

A.      **Procedural Background**

On November 1, 2019, Mijares commenced this action against Defendants Ryder, Andre Guillaume, and Danny Zwerling in the Los Angeles County Superior Court.  (*See* Notice of Removal (Docket No. 1), Attachment 1 ("Original Complaint") (Docket No. 1-2)).  The Original Complaint stated five claims against the three Defendants: (1) discrimination on the basis of a disability in violation of the California Fair Employment and Housing Act ("FEHA"); (2) retaliation in violation of FEHA; (3) retaliation in violation of California Labor Code § 1102.5; (4) wrongful termination in violation of public policy; and (5) failure to prevent discrimination and harassment in violation of FEHA.  (Notice of Removal at 2–3; Original Complaint at 8–16).

On February 7, 2020, Mijares amended his pleading in the Los Angeles Superior Court, adding a sixth claim for failure to prevent discrimination and retaliation in violation of FEHA and removing Guillaume and Zwerling as defendants.  (Notice of Removal at 4; Attachment 2 ("FAC") at 17 (Docket No. 1-3)).  Mijares claims that he removed Guillaume and Zwerling as defendants on Ryder's promise that Ryder would not remove the action to federal court.  (*See* Motion to Remand at 1; Declaration of Jores Kharation ("Kharation Decl.") ¶ 2 (Docket No. 13-1)).  Ryder denies that any such promise was made.  (*See* Opposition to Motion to Remand at 1).

Ryder removed the action on February 10, 2020.  (*See* Notice of Removal).  Ryder argued that because Guillaume and Zwerling were the only non-diverse

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

**Case No.** **CV 20-1328-MWF (KS)** **Date:** **April 17, 2020**

Title:      Noel J. Mijares v. Ryder Truck Rental, Inc., et al.

defendants in the Original Complaint, their omission from the FAC made it removable to federal court. (*Id.* at 4).

On February 12, 2020, after the action had been removed to this Court, Mijares filed the Second Amended Complaint ("SAC"). (Docket No. 7). The SAC appears to be nearly the same document as the FAC, except that Guillaume and Zwerling are once again listed as defendants. (*See* SAC ¶¶ 5–6). Mijares did not seek leave to file the SAC before filing it.

### B.      <u>Mijares' Allegations</u>

As explained below, the Court must determine whether the FAC or the SAC is the operative complaint. However, it is irrelevant which pleading is used for an account of the allegations because the allegations are identical in both pleadings. The following allegations are taken from the SAC.

Mijares is a resident of Los Angeles County, California. (SAC ¶ 3). Ryder is a Florida corporation with its primary place of business located at 11690 NW 105 St., Miami, Florida 33177. (*Id.* ¶ 4). Ryder does business and employs individuals in Los Angeles County, California. (*Id.*). At all relevant times herein, Ryder was Mijares' employer. (*Id.*). Defendants Andre Guillaume and Danny Zwerling are residents of Los Angeles County, California. (*Id.* ¶¶ 5–6). Ryder, Zwerling, and Guillaume are collectively referred to as "Defendants."

In or about late November 2018, Mijares, a Hispanic-American male, was hired by Defendants as a shift supervisor. (*Id.* ¶ 13). Mijares was to report to Zwerling, the senior service manager. (*Id.*). Throughout Mijares' employment with Defendants, Mijares was a diligent, competent, and hard-working employee, with an outstanding record of achievement. (*Id.*).

Mijares was not liked by the "inner circle" of the technicians employed by Ryder and whom Mijares was tasked to supervise. (*Id.* ¶ 15). He was treated as an "outsider." (*Id.*). One example of the technicians' hostility towards Mijares occurred

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

**Case No.  CV 20-1328-MWF (KS)              Date:  April 17, 2020**

Title:       Noel J. Mijares v. Ryder Truck Rental, Inc., et al.

on December 1, 2018, when a technician disobeyed Mijares' orders and threatened to get rid of Mijares in a threatening and aggressive manner.  (*Id.* ¶ 17).

        Mijares informed upper management of the December 1, 2018 event, including with a written account of what had occurred.  (*Id.* ¶ 18).  The verbal harassment and intimidation from the technicians increased following Mijares' filing of the formal complaint.  (*Id.* ¶¶ 19–20).  Mijares requested a transfer to a different location at least a dozen times.  (*Id.* ¶ 21).  Each request for transfer was denied by Zwerling, even though similar requests by Mijares' colleagues were often granted.  (*Id.*).

        Upon realizing he would not be transferred, Mijares applied to be a technician in hopes that the demotion would remove the "target on his back."  (*Id.* ¶ 22).  This request was similarly denied by Zwerling, despite that a colleague of Mijares in a similar managerial position, Taryn Kim, had been allowed to become a technician with less experience.  (*Id.*).  Mijares later realized that the reason behind the denial of his request to become a technician was that as a technician, he would become part of the union and could not thereupon be terminated without cause.  (*Id.* ¶ 24).

        Mijares also requested a change in schedule so that he would not have to work at the same time as the technicians who harassed him.  (*Id.* ¶ 23).  This request was also denied.  (*Id.*).  Mijares' requests were always denied on the facial rationale that there were no witnesses to the harassment, despite the fact that cameras operated on the premises during work hours and the technicians had received complaints about their behavior before.  (*Id.*).

        As part of a plot to terminate Kim with cause (due to her new unionized status), Zwerling instructed Mijares to document each time Kim was not wearing safety gear on the job.  (*Id.* ¶ 25).  At the time, Mijares believed that he was merely being instructed to enforce workplace safety regulations.  (*Id.*).  However, Guillaume reprimanded Mijares for harassing Kim when he reported these safety lapses to Zwerling.  (*Id.*).

        Another example of Defendants' conduct occurred following the hire of Eric Sanvelian, whom Mijares was assigned to supervise.  (*Id.*).  Sanvelian was also

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

**Case No.  CV 20-1328-MWF (KS)                    Date:  April 17, 2020**
Title:        Noel J. Mijares v. Ryder Truck Rental, Inc., et al.

intensely disliked by the same technicians who harassed Mijares.  (*Id.*).  The technicians harassed Sanvelian with racist and homophobic language and threats of physical violence.  (*Id.*).  Mijares reported these incidents to Defendants.  (*Id.*).  It became clear that Mijares was no longer considered an asset to Defendants, because his reporting of the harassment incidents was creating a "paper trail" of Defendants' illegal activities.  (*Id.* ¶ 27).

Mijares was terminated by Defendants on July 22, 2019.  (*Id.* ¶ 28).  The rationale for firing Mijares was that Mijares had apparently told his co-workers the following statement: "if you have a problem with your coworker[,] take it outside where there are no cameras and fight it out to resolve your issues."  (*Id.*).  However, Zwerling, not Mijares, had been the one to make that statement to the technicians.  (*Id.* ¶ 29).  Zwerling admitted as such to Guillaume and to Human Resources.  (*Id.*).  After Zwerling's admission, both Zwerling and Guillaume stated that they would drop everything and pretend like nothing happened, a promise they broke when they terminated Mijares a couple weeks later.  (*Id.*).  After Mijares confronted Zwerling and Guillaume, both admitted that someone had to take the fall for the statements, and that they decided it would be Mijares.  (*Id.*).

Based on information and belief, Mijares alleges that Defendants, and each of them, acted in concert with one another to commit the wrongful acts alleged therein, and aided, abetted, incited, compelled, and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so.  (*Id.* ¶ 9).  Mijares further alleges that Defendants, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to and actually cause Mijares harm.  (*Id.*).

Based on the above allegations, the SAC alleges the following claims for relief against all defendants: (1) discrimination in violation of Cal. Gov. Code § 12940(a) ("FEHA discrimination");  (2) harassment, presumably in violation of Cal. Gov. Code § 12940(j) ("FEHA harassment"); (3) retaliation in violation of Cal. Gov. Code § 12940(h) ("FEHA retaliation"); (4) retaliation in violation of Cal. Lab. Code § 1102.5 ("Labor Code retaliation"); (5) wrongful discharge in violation of public

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

**Case No.**  **CV 20-1328-MWF (KS)**                 **Date:**  **April 17, 2020**
Title:         Noel J. Mijares v. Ryder Truck Rental, Inc., et al.

policy ("tort of wrongful discharge"); and (6) failure to prevent discrimination and
harassment in violation of Gov Code § 12940(k) ("FEHA failure to prevent").  (SAC at
8–19).

## II.     <u>REQUEST FOR JUDICIAL NOTICE</u>

In conjunction with its Motion to Dismiss, Ryder requests that the Court take
judicial notice of several documents associated with *Eric Sanvelian v. Ryder Truck
Rental, Inc.*, Case No. 2:20-cv-01314 ODW (SKx).  (Docket No. 14-2 ("RJN")).
Mijares did not file an Opposition to the RJN.

The RJN is made pursuant to Federal Rule of Evidence Rule 201(b) and (d).
(RJN at 3).  Ryder asserts that the documents are records of United States District
Courts and/or their contents are not subject to reasonable dispute.  (*Id.*).

Under Rule 12(d), if the Court considers matters outside the pleadings in ruling
on a motion to dismiss that motion must be converted into one for summary judgment.
Fed. R. Civ. P. 12(d).  As a general rule, "a district court may not consider any material
beyond the pleadings in ruling on a Rule 12(b)(6) motion."  *Lee v. City of Los Angeles*,
250 F.3d 668, 688 (9th Cir. 2001).  An exception to this general rule exists for
(1) materials that are attached to or necessarily relied upon in the complaint, or
(2) matters of public record.  *Id.* at 688–89.

Here, the Court agrees with Ryder that the *Sanvelian* documents are matters of
public record.  However, the documents would not affect the outcome of the Court's
decision, and therefore, the RJN is **DENIED** *as moot*.

## III.    <u>DISCUSSION</u>

### A.     <u>Motion to Dismiss, Construed as Motion to Strike the SAC</u>

In the Motion to Dismiss, Ryder argues that the SAC should be stricken because
it improperly added non-diverse defendants in an attempt to destroy the Court's subject
matter jurisdiction.  (*See generally* Motion to Dismiss).  The Court notes that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

**Case No.  CV 20-1328-MWF (KS)                    Date:  April 17, 2020**
Title:        Noel J. Mijares v. Ryder Truck Rental, Inc., et al.

Motion to Dismiss does not argue that the underlying claims are improperly pled under Federal Rule of Civil Procedure ("Rule(s)") 8(a).  Instead, the motion asks the Court to strike the SAC under Rule 12(f) and 28 U.S.C. § 1447.  (Motion to Dismiss at 2, 10).  Accordingly, the Court construes Ryder's Motion to Dismiss as a Motion to Strike the SAC and examines whether the SAC was properly filed.

## 1.    Leave to File the SAC

As a preliminary matter, the Court notes that Mijares filed the SAC without asking for leave to amend.  Without citing any authority, Mijares asserts that he did not need leave from the Court or get consent from Ryder to file the SAC.  (Opposition to Motion to Dismiss at 2).  Mijares is incorrect.

Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend a pleading ***once*** as a matter of right.  Fed. R. Civ. Proc. 15(a)(1).  In all other cases, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  *Id.* 15(a)(2).  Rule 15(a)(2)'s rule requiring leave of court also governs amendment of pleadings in actions removed from state court.  *See Schnabel v. Lui*, 302 F.3d 1023, 1037 (9th Cir. 2002) ("When a state court action is removed to federal court, the removed action is treated as if the original action has been commenced in federal court."); *Butner v. Neustadter*, 324 F.2d 783, 785 (9th Cir. 1963) ("The federal court takes the case as it finds it on removal and treats everything that occurred in the state court as if it had taken place in federal court.").  Thus, if a plaintiff files a first amended complaint as of right in state court before removal, a plaintiff may not again amend its complaint without first obtaining either the opposing party's written consent or leave of court.  *Hosp. Mktg. Concepts, LLC v. Inter-Cont'l Hotels Corp.*, SACV 15-1342 JVS (DFMx), 2015 WL 13284964, at *1 (C.D. Cal. Oct. 21, 2015); *Howell v. City of Fresno*, CV-F-07-371 OWW/TAG, 2007 WL 1501844, at *2 (E.D. Cal. May 23, 2007) ("Because Plaintiff had filed the First Amended Complaint in state court prior to removal to this court, Plaintiff had amended her pleading once as a matter of course. Plaintiff cannot file a Second Amended Complaint without first obtaining leave of court.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

**Case No.  CV 20-1328-MWF (KS)               Date:  April 17, 2020**
Title:       Noel J. Mijares v. Ryder Truck Rental, Inc., et al.

Here, Mijares filed the Original Complaint in state court on November 1, 2019. (Notice of Removal at 2 (Docket No. 1); Attachment 1 (Docket No. 1-3)).  Mijares amended his pleading and filed the FAC in state court on February 7, 2020.  (Notice of Removal at 4; Attachment 2 (Docket No. 1-4)).  Therefore, Mijares was required under Rule 15(a)(2) to seek leave from the Court to file the SAC or otherwise receive written consent from Ryder to do so.  Because Mijares did neither, the SAC was improperly filed.

However, this does not end the inquiry.  Rule 15(a)(2) does not require a formal motion for leave to amend.  *See Scott v. Eversole Mortuary*, 522 F.2d 1110, 1116 n.8 (9th Cir. 1975).  Indeed, under limited circumstances, some courts will allow an amendment even though no request, formal or informal, was made.  *United States v. $11,500.00 in U.S. Currency*, 710 F.3d 1006, 1013 (9th Cir. 2013) ("Though Guerrero never moved to amend his claim, the absence of a formal motion for leave to amend does not preclude the district court from granting it.") (citing *Edwards v. Occidental Chem. Corp.*, 892 F.2d 1442, 1445 n.2 (9th Cir.1990)).  Some district courts, including those in the Ninth District, have thus accepted improperly amended pleadings, even when the relevant party did not first obtain judicial permission or the consent of the opposing party.  *See, e.g.*, *Washington v. California City Corr. Ctr.*, No. 1:10–cv–02031 OWW JLT, 2011 WL 1566742, at *3 (E.D. Cal. Apr. 25, 2011); *Vaupen v. Branston*, No. 17-cv-05463-DMR, 2018 WL 2151987, at *6–7 (N.D. Cal. May 10, 2018); *see also Straub v. Desa Indus., Inc.*, 88 F.R.D. 6, 8 (M.D. Pa. 1980).  This is often true when "leave to amend would have been granted had it been sought and when it does not appear that any of the parties will be prejudiced by allowing the change." *See* 6 C.A. Wright, *et al.*, *Federal Practice and Procedure* § 1484, at 601–02 (2d ed.) (footnotes omitted) (observing that "[p]ermitting an amendment without formal application to the court under these circumstances is in keeping with the overall liberal amendment policy of Rule 15(a) and the general desirability of minimizing needless formalities").

Accordingly, the Court will determine whether leave would have been granted for Mijares to file the SAC had there been a proper motion requesting it.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.  CV 20-1328-MWF (KS)                    Date:  April 17, 2020
Title:       Noel J. Mijares v. Ryder Truck Rental, Inc., et al.

### 2.      Joinder of Non-Diverse Defendants

It is true, as Mijares argues, that district courts have wide discretion to grant or deny leave to amend.  *See Swanson v. United States Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).  Rule 15(a)(2) provides, however, that leave to amend should be freely given "when justice so requires."  Fed. R. Civ. Proc. 15(a)(2).  This policy is to be applied with "extreme liberality."  *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).

Ryder argues that a stricter standard should apply because Mijares is seeking to join non-diverse defendants after removal.  (Motion to Dismiss at 3).  The Court agrees.  Congress has explicitly contemplated the possibility of post-removal gamesmanship and has permitted courts to deny "joinder of additional defendants" if such joinder "would destroy subject matter jurisdiction."  28 U.S.C. § 1447(e).  The Ninth Circuit has similarly directed the district courts to "look with particular care at [a potential improper] motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court."  *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980).

Courts weigh numerous factors in determining whether to permit joinder of a non-diverse defendant who threatens to divest the Court of its jurisdiction.  Such factors include the following:

> (1) whether the new defendants should be joined under Fed. R. Civ. P. 19(a) as "needed for just adjudication"; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

**Case No.**  **CV 20-1328-MWF (KS)**                    **Date:**  **April 17, 2020**
Title:        Noel J. Mijares v. Ryder Truck Rental, Inc., et al.

*Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000) (citing *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. 1999)).

The Court examines whether joinder of the non-diverse defendants is appropriate under § 1447(e) by applying these factors:

***First***, the newly added defendants, Zwerling and Guillaume, appear to be necessary parties.  A necessary party is one "having an interest in the controversy, and who ought to be made [a] part[y], in order that the court may act on that rule which requires it to decide and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it."  *CP Nat'l Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 912 (9th Cir. 1991).  This standard is met when failure to join will lead to separate and redundant actions.  *See id.* at 910.  Here, the facts and the theories of liability against Zwerling, Guillaume, and Ryder are the same with respect to FEHA Harassment and Labor Code Retaliation.  (*See* SAC ¶¶ 8–9, 42–54, 69–82).  While Ryder suggests that Mijares can bring a separate suit against Zwerling and Guillaume in Superior Court, the Court determines that forcing Mijares to bring two actions based on the same facts and theories of liability would result in redundancy.  (*See* Motion to Dismiss at 6).

***Second***, there does not appear to be a statute of limitations issue, and therefore, this factor does not favor the amendment.  Claims brought under the FEHA must be brought within one year of the date of the California Department of Fair Employment and Housing ("DFEH") notice of the right to sue.  Cal. Gov. Code § 12965(b).  Claims under Labor Code retaliation may be brought within either one year or three years based on the civil penalty that the plaintiff seeks.  *See* Cal. Civ. Proc. Code § 338(a); *Minor v. Fedex Office & Print Servs, Inc.*, 182 F. Supp. 3d 966, 988 (N.D. Cal. 2016).  Here, the parties agree that the relevant statute of limitations have not run.  (*See* Motion to Dismiss at 6; Opposition to Motion to Dismiss at 8–9).  Accordingly, this factor is neutral, or at most, slightly weighs against granting the joinder.  *See Waring v. Geodis Logistics, LLC*, No. CV 19-4415-GW (KSx), 2019 WL 3424955, at *4 (C.D. Cal. July 29, 2019) (holding that "the [statute of limitations] factor does not support amendment/joinder" where plaintiff's claims were not time-barred).  However, this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

**Case No.  CV 20-1328-MWF (KS)**               **Date:  April 17, 2020**
Title:        Noel J. Mijares v. Ryder Truck Rental, Inc., et al.

factor is not dispositive, especially given that a separate suit against Zwerling and Guillaume would be redundant.

*Third*, there is no unexplained delay in requesting joinder.  The Court notes that Mijares originally sued Zwerling and Guillaume in Superior Court.  (*See* Original Complaint).  While Mijares dropped the claims against these two individual defendants in the FAC, Mijares reinstated the claims against them in the SAC, which was filed only three days after the FAC was filed and only two days after the Notice of Removal was filed.  This chronology demonstrates that Mijares attempted to add Zwerling and Guillaume as soon as he could after the case was removed.  (Docket No. 7).  This short delay is also explained.  Mijares' counsel asserts that the only reason Zwerling and Guillaume were removed from the FAC was due to Mijares' counsel's belief that dropping the claims against them would not cause Ryder to remove the action to federal court or file a demurrer in state court.  (Opposition to Motion to Dismiss at 2).  The Court does not comment on whether Mijares' counsel's actions were wise, or whether a *quid pro quo* conversation indeed took place between Mijares' counsel and Ryder's counsel.  It is sufficient that Mijares has explained the delay.

*Fourth*, the Court determines that the joinder is not intended *solely* to defeat federal jurisdiction.  Of course, defeating federal jurisdiction was at least partly the motivation behind the proposed joinder.  Mijares' filings clearly indicate a preference to litigate this action in Superior Court, which the addition of Zwerling and Guillaume would achieve.  Even when Zwerling and Guillaume were dropped from the FAC, Mijares did so on the asserted belief that the action would remain in Superior Court.  (Motion to Remand at 1; Kharation Decl. ¶ 2).

Nonetheless, Mijares has apparent reasons to add Zwerling and Guillaume beyond their effect on jurisdiction.  Zwerling and Guillaume were included in the Original Complaint.  (*See generally* Original Complaint).  Moreover, there are specific allegations against them related to their individual behavior.  (*See* SAC ¶¶ 21–22, 25, 29).  These allegations have been included in each pleading.  (*See* Original Complaint ¶¶ 21–22, 25, 29; FAC ¶¶ 19–20, 23, 27; SAC ¶¶ 21–22, 25, 29).  These facts together suggest that Mijares intends at least in part to have his case heard on the merits in one single action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

**Case No.  CV 20-1328-MWF (KS)**                    **Date:  April 17, 2020**
Title:       Noel J. Mijares v. Ryder Truck Rental, Inc., et al.

     ***Fifth***, the issue on the merits weighs slightly in favor of Mijares.  In the SAC, Mijares added six claims against the two individual defendants: (1) a FEHA discrimination claim, (2) a FEHA harassment claim; (3) a FEHA retaliation claim; (4) Labor Code retaliation claim; (5) a wrongful discharge tort claim; and (6) a FEHA failure to prevent claim.  (*See* SAC at 8–19).  Ryder argues that Mijares cannot successfully assert any of the six claims against the two individual defendants. (Motion to Dismiss at 9).

     It appears that some of Mijares' claims may be barred under California law.  *See e.g., Reno v. Baird*, 18 Cal. 4th 640, 644–45 (1998) (individual supervisors may not be liable for a FEHA discrimination claim);  *Jones v. Lodge at Torrey Pines P'ship*, 42 Cal. 4th 1158, 1173 (2008) (same for FEHA retaliation claim); *Miklosy v. Regents of Univ. of Cal.*, 44 Cal. 4th 876, 900 (2008) (same for the tort of wrongful discharge).

     However, the Court cannot conclude that Mijares' remaining claims are similarly barred.  The California Supreme Court has expressly held that individual supervisors can be liable for a FEHA harassment claim.  *See Reno*, 18 Cal. 4th at 644– 45  (Cal. Gov. Code § 12940(j)(1) was formerly Cal. Gov. Code § 12940(h)(1)).  Moreover, there is some ambiguity as to whether individual supervisors can be liable for Labor Code retaliation, and such ambiguities in state law must be construed in favor of plaintiffs at the motion to remand stage.  *See Jackson v. Dollar Tree Distrib., Inc.*, No. CV 18–2302 PSG (SKx), 2018 WL 2355983, at *1 (C.D. Cal. May 23, 2018) (granting plaintiff's motion to remand because 2014 amendments to Lab. Code § 1102.5 caused ambiguity as to whether that statute permitted individual liability).

     Even if Mijares could allege harassment claims against individual supervisors, Ryder argues that Mijares' claims against Zwerling and Guillarme still fail because some of the conduct that Mijares complains about is not actionable harassment as a matter of law.  (Reply to Motion to Dismiss at 7–8).  Moreover, Ryder argues that Mijares failed to establish that the two individual supervisors' conduct was "sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment."  (Reply to Motion to Dismiss at 9).  The Court does not comment on whether Ryders' arguments may ultimately prevail on demurrer.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

**Case No.**  **CV 20-1328-MWF (KS)**               **Date:**  **April 17, 2020**
Title:        Noel J. Mijares v. Ryder Truck Rental, Inc., et al.

For this analysis, however, it is sufficient that the weaknesses in the allegations do ***not*** suffice to support removal on the basis of fraudulent joinder.  In reaching this decision, the Court finds *Amper v. Ashley Furniture Industries, Inc.*, to be persuasive. No. CV 15-8274-JFW (JPRx), 2015 WL 8783538, at *3 (C.D. Cal. Dec. 15, 2015). There, the defendants similarly argued that an individual defendant was a sham defendant because, among other reasons, the individual's "alleged conduct [was] not sufficiently severe or pervasive."  *Id.*  The district court rejected this argument because "[e]ven if Plaintiff's complaint does not currently allege sufficient facts to plead a viable harassment claim against [the individual defendant,] Defendants have failed to show that Plaintiff will be unable to amend her complaint to add additional allegations of harassment."  *Id.; see also Suarez v. Am. Airlines, Inc.*, No. CV 09-03392CAS (AJWx), 2009 WL 1657444, at *4 (C.D. Cal. June 10, 2009) ("[The defendant] may or may not be correct that plaintiff's current allegations are insufficient to state a claim for harassment under FEHA against [the allegedly sham defendant]; however, [the defendant] has not shown that there is 'absolutely no possibility' that plaintiff can establish a cause of action against [the individual defendant] in state court.").

The Court cannot determine that there is absolutely no possibility that Mijares cannot establish a cause of action against Zwerling and Guillaume.  Therefore, this factor weighs in favor of permitting Mijares to add the claims against Zwerling and Guillaume.  In doing so, the Court notes that it is only determining whether Mijares should be permitted to allege the new claims against Zwerling and Guillaume at this stage, and not commenting on the merits of each claim.

***Finally***, Mijares will likely experience undue prejudice if he is forced to litigate his claims against Zwerling and Guillaume in a separate action in Superior Court.  As already discussed, these claims involve the same facts and law as the claims asserted against Ryder.

Accordingly, the Court determines that the six factors discussed above on balance weigh in favor of Mijares.  Therefore, the Motion to Dismiss, which the Court construes as Motion to Strike the SAC, is **DENIED.**  The Court would have granted leave to amend for the SAC had it been sought and deems the SAC as the operative complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.  CV 20-1328-MWF (KS)                    Date:  April 17, 2020
Title:       Noel J. Mijares v. Ryder Truck Rental, Inc., et al.

### B.    Motion to Remand

When considering whether removal was proper, the FAC is the proper document
to consider because it was the first pleading upon which grounds for removal could be
ascertained.  *See Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005)
("[A] notice of removal may be filed within thirty days after the defendant receives an
amended pleading . . . from which it can be ascertained from the face of the document
that removal is proper") (citation and quotation marks omitted).

Many of Mijares' arguments attack Ryder's initial removal of the FAC to the
Court as improper.  These arguments are not persuasive.

Here, Ryder's removal to the Court was procedurally proper.  The Notice of
Removal was filed and served to Mijares within thirty days of Ryder's receipt of the
FAC.  *See* 28 U.S.C. § 1446(b)(3).

The removal was also substantively proper at the time of removal:

*First*, there was complete diversity between the parties based on the FAC;
Plaintiff Mijares is a resident of California and the only named defendant in the FAC,
Ryder, is a citizen of Florida.  *See* 28 U.S.C. § 1332(a); (Notice of Removal 5–6; *see
generally* FAC).  That complete diversity exists without Zwerling and Guillaume is
uncontested.

*Second*, Ryder met its burden of showing that the amount in controversy in the
FAC exceeds $75,000.  In the FAC, Mijares alleged damages including lost back pay,
lost future income, diminished earning capacity, mental pain and suffering, future
medical treatment, punitive damages, and attorneys' fees in the FAC.  (Notice of
Removal at 7; FAC ¶¶ 34–39).  Ryder demonstrated that by lost back pay and lost
future income alone, the amount in controversy is comfortably over $75,000.  (Notice
of Removal 7–8).  This is because Mijares' lost wages from the time of termination to
the filing of the Notice of Removal equal $25,833.33, and an estimate of lost future
wages of one year from the removal until a potential start date to trial equals
$62,000.00.  (*Id.*); *see Reyes v. Staples Office Superstore, LLC*, No. CV 19-07086-CJC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.** CV 20-1328-MWF (KS)                     **Date:** April 17, 2020
**Title:**       Noel J. Mijares v. Ryder Truck Rental, Inc., et al.

(SKX), 2019 WL 4187847, at *3 (C.D. Cal. Sept. 3, 2019) ("[C]ourts have often found that one year from the date of removal is a 'conservative estimate of the trial date' in employment cases."). Therefore, even without considering diminished earning capacity, pain and suffering, future medical treatment, punitive damages, and attorneys' fees, Ryder met its burden of showing that the amount-in-controversy requirement is met.

Therefore, Ryder's removal to federal court was procedurally and substantively proper based on the FAC. Nonetheless, Mijares subsequently filed a SAC, which the Court accepts as the operative complaint for the reasons explained above. Because the SAC adds two non-diverse defendants, there is no longer complete diversity and the Court now lacks jurisdiction.

Accordingly, the Motion to Remand is **GRANTED**.

Mijares further seeks $6,000 in attorneys' fees and costs on the basis of improper removal. This request is **DENIED**. As discussed above, Ryder had an objectively reasonable basis for seeking removal. Based on the FAC, there was complete diversity between the parties and the amount in controversy likely exceeded $75,000. In fact, the Motion to Remand is granted only because the Court is permitting Mijares to file the SAC—two days after the action was removed to this Court.

## IV.   CONCLUSION

For the reasons stated above, the Motion to Dismiss, which the Court construes as a Motion to Strike, is **DENIED**, and the Court treats the SAC as the operative complaint. Because complete diversity does not exist under the SAC, the Motion to Remand is **GRANTED** and the Court **REMANDS** this action to the Los Angeles County Superior Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.** **CV 20-1328-MWF (KS)**                  **Date:  April 17, 2020**
Title:        Noel J. Mijares v. Ryder Truck Rental, Inc., et al.

Because this Court lacks jurisdiction, nothing in this Order should be taken as a ruling or comment on the merits of the action, or whether a demurrer should be sustained or overruled in Superior Court.

IT IS SO ORDERED.